MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD DI BARTELO and DANIEL PYRON, | ) ) ) |
| Plaintiffs, | ) No. 10 C 1831 ) |
| v. | ) ) |
| | ) Magistrate Judge Arlander Keys |
| MTD PRODUCTS, INC., WAL-MART STORES, INC., and MENARDS, INC., | ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On November 30, 2008, Daniel Pyron was injured while attempting to inflate the tires on a snow blower that was designed, manufactured and assembled by MTD Products and sold by Menard, Inc. A few months later, on February 21, 2009, Richard DiBartelo was injured while attempting to inflate the tires on his snow blower, which was designed, manufactured and assembled by MTD Products and sold by Wal-Mart Stores. Messrs. DiBartelo and Pyron filed a single lawsuit in the Circuit Court of Cook County, and the defendants removed the case to this court, based upon the parties' diversity of citizenship. The parties consented to proceed before a United States Magistrate Judge, and the case was reassigned to this Court on May 18, 2010. The case is currently before the Court on the defendants' joint motion to sever plaintiffs' claims.

Federal Rule of Civil Procedure 20(a) provides that

"[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." The purpose of the rule is to "promote judicial economies," *Harris v. Spellman*, 150 F.R.D. 130, 131 (N.D. Ill 1993), to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley v. General Motors Corp.*, 497 F.2d 1330, (8th Cir. 1974). Rule 21 provides that, [o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." The rules give courts broad discretion in determining whether to sever claims. *E.g., Dean v. City of Chicago*, No. 09 C 1190, 2009 WL 2848865, at *2 (N.D. Ill. Aug. 31, 2009); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

In their joint motion to sever, the defendants argue that the parties' claims are misjoined, involving as they do entirely different products and occurrences; the defendants argue that the products, distributors and injuries all are different. But are the products different? Mr. DiBartelo was injured by an "MTD 2 Stage Snow Thrower, model number 31A-3BAD752, serial number 1J045120226 or IJ045120226; Mr. Pyron was injured on "an MTD Yard

2

Machine, Model # 31A-3AAD700, 5HP 22-inch two stage snow thrower." Complaint, pp. 2, 6. Yet, the plaintiffs argue that, [i]n actuality, the defective machine which caused both of the Plaintiffs' injuries is the same machine," and that "[r]egardless of the model number, the machines involved in both of these occurrences was a two-stage snow thrower identified as either a Model 3AA or 3BA." Plaintiffs' Response Brief, p. 1. They argue that the two products were covered by the same operator's manual and that the tires at issue here are the same for both models. *Id.*, pp. 1-2. The plaintiffs also argue that their injuries both arose from the very same act: both allege that, while they were inflating the tires, the rims exploded, causing fractures to their hands.

At the end of the day, it really doesn't matter whether the products are considered to be the same or different. The parties' claims are clearly separate and distinct, involving separate and distinct accidents and injuries, occurring at different times and in different places, and involving machines sold by different entities. In *Jarmasek v. Acromed Corp.*, No. 95 C 7095, 1995 WL 733466 (N.D. Ill. Dec 8, 1995), eleven plaintiffs filed suit for injuries sustained in connection with the implanting of the same spine plate pedicle screw; the product was, without question, the same. Yet, Judge Shadur - an expert on the Federal Rules of Civil Procedure if ever there was one -

dismissed the case, giving the plaintiffs leave to refile separate suits. Although all of the cases involved the same product and some of the plaintiffs were even operated on at the same hospital, by the same doctor, Judge Shadur determined that the complaint constituted "an impermissible lumping together of plaintiffs and defendants"; he noted that "[b]y definition each operated-on plaintiff's circumstances were individualized, and if plaintiffs were successful in this action their damages would have to be proved and ascertained separately." *Id.*, at *1. The same is true here.

The plaintiffs argue that their claims share "common questions of both law and fact relating to whether the plastic rim and inflatable tire which is used on both of these particular models of snow blowers was defective. This would necessarily include expert witnesses who will be testifying regarding the defective nature of the same product and same defect involved in both incidents." Plaintiffs' Response Brief, pp. 4-5. Although there will likely be similar expert testimony concerning the tires on both machines, that discovery is but one small piece of the evidentiary picture for these two cases; evidence concerning the incidents themselves, proof of injury and damages, and even the sale of the individual machines will all be different and unique for each plaintiff. In short, the two plaintiffs' claims are distinct and are more appropriately pursued separately.

## Conclusion

For the reasons explained above, the defendants' motion to sever [#14] is granted. Plaintiffs and their attorneys may decide which party will proceed in this case. Additionally, the parties should be prepared to discuss at the July 16, 2010 status hearing the impact of today's decision on the Court's subject matter jurisdiction.

Dated: July 1, 2010

ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge